IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00448-LTB-MEH

LAURA DUNCAN,

    Plaintiff,

v.

CAPITAL ONE,

    Defendant.

___

### ORDER ON MOTION FOR MORE DEFINITE STATEMENT
___

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) [filed February 24, 2017; ECF No. 9]. In accordance with 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1(c), the matter is referred to this Court for disposition. The Court finds no further briefing nor oral argument would materially assist the Court in its adjudication of the motion. For the following reasons, Defendant's motion is **granted**.

On or about January 6, 2017, Plaintiff, proceeding *pro se*, initiated this action by filing a "Complaint Under Simplified Civil Procedure" in the Combined Court of Grand County, Colorado, then an "Amended Complaint Under Simplified Civil Procedure," in which she corrected her jury demand by choosing not to demand a jury. ECF No. 1-1. Plaintiff alleges:

> I have notified you on 3 different [sic] via certified mail to show my proof that account #5170058280366991 [for] which you state I owe $3,534.00 [is] in fact mine. Given you have acted in bad faith [and] not complied with the Federal Trade Commission (see 15 U.S.C. 41, et seq) I have filed this lawsuit.

*Id.* Plaintiff seeks recovery of $5,000.00 from Defendant for her claim. *Id.*

Defendant removed the action to this Court on February 17, 2017 asserting original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claim constitutes a federal question. Notice of Removal, ECF No. 1.  With the present motion, Defendant seeks an order instructing the Plaintiff to provide a more definite statement of her claim, particularly because the statute cited does not provide a private right of action and the content of her allegations might implicate another federal statute, the Federal Debt Collection Practices Act.  The Court agrees that a more definite statement of the Plaintiff's claim is required here.

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A defendant may request a more definite statement when the plaintiff's complaint is vague and ambiguous and the defendant is unable to answer the complaint without additional information. *Felmlee v. Okla.*, No. 13-cv-0803-CVE, 2014 WL 4597724, at *3 (N.D. Okla. Sept. 15, 2014) (citing *Poindexter v. Atchison, Topeka & Santa Fe Railway Co.*, 168 F.3d 1228, 1233 (10th Cir. 1999)).  Such motion should also be granted when the plaintiff's complaint fails to state information that would be necessary for the defendant to file a dispositive motion and the movant's existing knowledge would not allow it to file the motion.  *Id.* (citing *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010)).

In this case, Plaintiff's scant allegations provide the Defendant with insufficient notice of her claim to allow Defendant reasonably to prepare a response.  Plaintiff must properly identify the claim or claims she intends to pursue against Defendant and provide a factual basis for such claim(s). Accordingly, the Court will order the Plaintiff to file a Second Amended Complaint using the form provided by this Court for guidance, and file such Second Amended Complaint **on or**

**before March 15, 2017**.  Plaintiff's failure to comply with this order may result in this Court's recommendation to dismiss the action for the Plaintiff's failure to prosecute.

The Clerk of the Court shall provide a form complaint with a copy of this order and file a certificate of service demonstrating this order and the form complaint have been delivered to the Plaintiff at the address she provided.

SO ORDERED.

Dated at Denver, Colorado, this 1st day of March, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge